```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| **LYNN JAMBON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-5661** |
| **STATE FARM FIRE AND CASUALTY COMPANY, ET AL.** | **SECTION B(1)** |

### ORDER AND REASONS

Before the Court is Plaintiffs' Motion To Remand (Rec. Doc. No. 5). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion To Remand is **GRANTED** and Plaintiffs' request for attorneys fees and just costs is **DENIED**.

### *BACKGROUND*

Plaintiffs filed this action in the 24th Judicial District Court in Jefferson Parish against State Farm Fire and Casualty Company ("State Farm") and Donald Belsom.

Plaintiffs purchased a flood insurance policy from the Defendants while the Plaintiffs' home was under construction. The policy provided for dwelling structural coverage only. In October of 2004, the Plaintiffs moved into their newly constructed home. The Defendant, Donald Belsom, inspected the Plaintiffs' home and allegedly assured the Plaintiffs that dwelling and contents coverage would be placed by State Farm under the Homeowners and Flood policies. Plaintiffs sustained a loss to their home and

1

personal property as a result of Hurricane Katrina. Defendant, State Farm Fire and Casualty Company denied contents coverage under the flood policy. Plaintiff seeks damages resulting from the alleged negligence of Donald Belsom for failing to procure contents coverage.

Defendants' filed a Notice Of Removal asserting federal subject matter jurisdiction exists pursuant to: (1) 28 U.S.C. § 1331 and 42 U.S.C. 4072 and (2) The Multiparty, Multiforum Trial Jurisdiction Act (MMJTA), 28 U.S.C. § 1369(a)and/or 28 U.S.C. § 1441(e)(1)(B).

Whereas, Plaintiffs contend federal jurisdiction does not exist and Defendants' removal lacked an objectively reasonable basis. Plaintiffs move this Court to remand and for an award of attorneys fees and just cost.

### DISCUSSION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Insurance Co. Of America*, 114 S.Ct. 1673, 1675 (1994). As such, federal courts possess only the power authorized by the Constitution and Congress. *Id.* (citations omitted). "It is to be presumed that a cause lies outside of this limited jurisdiction (citations omitted) and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id*. (citations omitted).

***(1)  The Plaintiffs' claims do not give rise to federal subject***

***matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. 4072.***

Defendants contend that federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 under 28 U.S.C. 4072.  29 U.S.C. § 1331 provides "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. 4072 provides:

> In the event the program is carried out as provided in section 4071 of this title, the Director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

The plain language of 28 U.S.C. § 4072 addresses suits against the Director of FEMA.  *Landry v. State Farm Fire and Casualty Co.*, 428 F.Supp.2d 531, 532-33 (E.D. La. 2006). Nonetheless, the Fifth Circuit has held that 28 U.S.C. § 4072 applies to lawsuits against private insurers when the action arises out of the adjustment or handling of an insurance claim issued under the National Flood Insurance Program. *Id*. at 533. However, federal question jurisdiction does not exist as to claims related

to procurement and errors and omissions. *Id.* at 536. See also *Elizabeth v. USAA General Indemnity Co.*, 2002 Westlaw 31886719 (E.D. La. 2002); and *Corliss v. South Carolina Insurance Co.*, 2004 Westlaw 2988497. (E.D. La. 2004).

Plaintiffs filed an errors and omissions claim alleging negligence for the agent's failure to procure contents coverage. Therefore, federal question jurisdiction does not exist.

Defendants further contend that federal question jurisdiction exists because the Plaintiff's action implicates federal law. Federal question jurisdiction exists over state-law claims that "turn on substantial questions of federal law." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 125 S.Ct. 2363, 2367 (2005). The test to determine whether federal question jurisdiction exists is whether "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 2368.

Defendants cited 44 C.F.R. Pt. 62, App. A which states:

> Whereas, any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder raise a federal question . . .

However, Defendants failed to establish that the Plaintiffs' claims arise from the Company's non-compliance with any written standard,

4

procedure, and/or guidance issued by FEMA or FIA.

Furthermore, 44 C.F.R. Pt. 62, App. A, Art. II provides that "[t]he Company shall be responsible for . . . Policy Issuance . . . ." 44 C.F.R. Pt. 62, App. A, Art. IX addresses Errors and Omissions and states "if there is negligence by the agent, FEMA will not reimburse any costs incurred due to that negligence." The plain language in Article IX establishes that errors and omissions claims arising out of the agent's negligence are beyond the scope of the agreement between the Insurance Company and the Federal Government. Therefore, the Plaintiffs' claim does not raise a substantial federal issue and, as such, does not raise federal question jurisdiction.

***(2) Neither The Multiparty, Multiforum Trial Jurisdiction Act (MMJTA), 28 U.S.C. § 1369(a) nor 28 U.S.C. § 1441(e)(1)(B) establish federal jurisdiction.***

Defendants contend federal jurisdiction exists pursuant to 28 U.S.C. § 1369(a) and/or 28 U.S.C. § 1441 (e)(1)(B) because the Plaintiffs' action arose from Hurricane Katrina. 28 U.S.C. § 1369(a) provides:

> The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that *arises from a single accident*, where at least 75 natural persons have died in the accident at a discrete location, if—
>
> (1) a defendant resides in a State and a substantial part of the accident took place in another State or the other location, regardless of

          whether that defendant is also a resident of the State where a substantial part of the accident took place;

    (2)  any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or

    (3)  substantial parts of the accident took place in different States.

(emphasis added).

28 U.S.C. § 1441 (e)(1)(B) provides:

> [A] defendant in a State court may remove the action to the district court of the United States for the district and division embracing the place where the action is pending if . . . the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and *arises from the same accident* as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

(emphasis added).

Contrary to Defendants' contention, neither 28 U.S.C. § 1369(a) nor 28 U.S.C. § 1441 (e)(1)(B) are applicable. Federal jurisdiction exists in accordance with these statutes if and only if the action arises from an accident. In this case, the Plaintiff's claim arose out of the alleged negligence of the insurance agent. Even though the alleged error was detected when Plaintiffs sustained damages resulting from Hurricane Katrina and subsequent levee breaches, the Plaintiffs' cause of action did not

arise out of Hurricane Katrina.  Therefore, the Plaintiffs claims do not satisfy the requisite conditions set forth in 28 U.S.C. § 1369(a) nor 28 U.S.C. § 1441 (e)(1)(B) and federal jurisdiction does not exist.

*(3)  Plaintiffs are not entitled to attorneys fees and just costs.*

Plaintiffs assert that Defendants' removal lacked an objectively reasonable basis and, therefore, move the Court to award attorneys fees and just costs.  28 U.S.C. § 1447(c) provides that a remand order may require payment of attorney's fees.  *Martin v. Franklin Capital Corp.*, 126 S.Ct. 704, 709 (2005).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Id*.  at 711.

Defendants arguments appear objectively reasonable.  Accordingly,

Plaintiffs' Motion To Remand is **GRANTED** and Plaintiffs' request for attorneys fees and just costs is **DENIED**.

New Orleans, Louisiana this 4th day of October, 2006.

UNITED STATES DISTRICT JUDGE

7